**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RANDALL M. ZELZNICK,
    Appellant,

   v.

OFFICE OF PERSONNEL
 MANAGEMENT,
    Agency.

DOCKET NUMBER
PH-0845-16-0129-I-1

DATE: September 2, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Randall M. Zelznick, Brookhaven, Pennsylvania, pro se.

Kristopher L. Rogers, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed for lack jurisdiction his appeal of an Office of Personnel Management (OPM) reconsideration decision finding that he had received an overpayment of disability retirement annuity benefits under the Federal Employees' Retirement

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

System (FERS). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    Effective June 10, 2010, the appellant obtained disability retirement annuity benefits under FERS. Initial Appeal File (IAF), Tab 8 at 41, 49. In a letter dated July 11, 2012, OPM notified the appellant that an overpayment of his annuity had occurred and proposed a collection schedule. *Id.* at 48. The appellant requested reconsideration on August 6, 2012. *Id.* at 10. In a reconsideration decision issued on November 19, 2015, OPM affirmed its finding that the appellant was overpaid $29,009.13 in disability retirement annuity benefits. *Id.* at 10-11.

¶3    The appellant filed an appeal of the reconsideration decision with the Board and requested a hearing. IAF, Tab 1. OPM filed a motion to dismiss the appeal for lack of jurisdiction because it had rescinded its reconsideration decision. IAF, Tab 8 at 4-5. In an order to show cause, the administrative judge informed the appellant that, although the Board no longer has jurisdiction over an appeal of an OPM reconsideration decision when OPM rescinds its final decision, the Board

may retain jurisdiction if OPM did not repay an appellant monies it withheld from his annuity in satisfaction of an overpayment. IAF, Tab 9 at 1. The administrative judge ordered the appellant to show cause why the appeal should not be dismissed and warned him that failure to respond would result in dismissal of the appeal. *Id.* at 2. The appellant did not respond to the order. IAF, Tab 10, Initial Decision (ID) at 2.

¶4 Without holding the requested hearing, the administrative judge issued an initial decision granting the agency's motion and dismissing the appeal for lack of jurisdiction. ID at 1, 3. He found that the Board no longer retained jurisdiction over the appeal after OPM rescinded its reconsideration decision. ID at 2. He further found that the appellant failed to provide any other basis for jurisdiction in response to the show cause order. *Id.*

¶5 Subsequent to the administrative judge's issuance of the initial decision, OPM issued a new reconsideration decision on February 23, 2016. Petition for Review (PFR) File, Tab 1 at 6-9. The appellant has separately filed both a Board appeal of OPM's February 2016 reconsideration decision, *Zelznick v. Office of Personnel Management*, MSPB Docket No. PH-0845-16-0238-I-1, Initial Appeal File, Tab 1, and a petition for review of the initial decision in the instant appeal, PFR File, Tab 1. The agency has filed a response to the appellant's petition for review. PFR File, Tab 4.

¶6 Additionally, the administrative judge has dismissed the appeal of the February 2016 reconsideration decision without prejudice to allow the Board to first adjudicate his petition for review in the instant appeal. *Zelznick v. Office of Personnel Management*, MSPB Docket No. PH-0845-16-0238-I-1, Initial Decision (0238 ID) at 1, 3 (July 6, 2016).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems*

*Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.[2] 5 C.F.R. § 1201.56(b)(2)(i)(A). The Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under FERS after OPM has issued a final decision, known as a reconsideration decision. 5 U.S.C. § 8461(e); 5 C.F.R. § 841.308; *see Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014) (stating that a reconsideration decision is final and appealable to the Board). If OPM completely rescinds a reconsideration decision, its rescission divests the Board of jurisdiction over the appeal in which that reconsideration decision is at issue, and the appeal must be dismissed. *Smith v. Office of Personnel Management*, 113 M.S.P.R. 259, ¶ 6 (2010).

¶8 Here, OPM asserted below that it has rescinded its November 2015 reconsideration decision. IAF, Tab 8 at 4. The appellant does not dispute this assertion on review. Instead, he challenges OPM's reason for rescission—to apply the set-aside rule to his case. PFR File, Tab 1 at 2; IAF, Tab 8 at 4. He also argues that OPM rescinded its reconsideration decision in bad faith to avoid complying with the administrative judge's orders and to preclude jurisdiction. PFR File, Tab 1 at 1. Even assuming the appellant's allegations are true, we find that they do not identify a basis for Board jurisdiction because OPM has rescinded its November 2015 reconsideration decision and already issued a new reconsideration decision in February 2016. PFR File, Tab 1 at 6-9; IAF, Tab 8 at 4; *see Okello*, 120 M.S.P.R. 498, ¶ 14 (stating that the Board will take jurisdiction over an appeal concerning a retirement matter in which OPM has refused or improperly failed to issue a final decision); *see, e.g.*, *Smith*, 113 M.S.P.R. 259, ¶ 6 (finding no Board jurisdiction over OPM's denial of

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

disability retirement benefits under the FERS after OPM rescinded the reconsideration decision).

¶9    Although the appellant asserts on review that OPM has withheld $100 from his annuity, OPM claims that it has refunded the $100.  PFR File, Tab 1 at 2, 5, Tab 4 at 4-5.  The appellant had the opportunity to reply to OPM's claim that it reimbursed him, but he did not do so.  *See* 5 C.F.R. § 1201.114(a)(4).  Thus, he has failed to meet his jurisdictional burden of identifying any other basis on which to find that the Board retains jurisdiction over this appeal despite OPM's rescission.  *Cf. Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 10 (2013) (finding that OPM did not fully rescind its final decision because, in pertinent part, it failed to refund the appellant funds withheld in satisfaction of an overpayment of retirement benefits).  Further, we find that the appellant's claim that the $100 withholding and OPM repayment schedule violated his due process rights is not a basis for Board jurisdiction over the November 2015 reconsideration decision.  PFR File, Tab 1 at 2, 5.

¶10    The appellant's remaining arguments do not provide a reason to disturb the initial decision.  He argues that it is unfair that the appeal was dismissed when he was fully compliant with the administrative judge's orders, but OPM was nonresponsive and noncompliant.  PFR File, Tab 1 at 1.  We find that the appellant was not compliant because he did not respond to the show cause order, and he has failed to specify how OPM was noncompliant.  ID at 2.  He also alleges that it was unfair that the administrative judge granted OPM's motion for an extension of time.  PFR File, Tab 1 at 2; IAF, Tabs 4-5.  We find that the appellant has failed to prove that the administrative judge abused his discretion in granting OPM's motion.  *See Owens v. Department of Homeland Security*, 97 M.S.P.R. 629, ¶ 6 (2004) (stating that an administrative judge has substantial discretion to rule on motions); 5 C.F.R. § 1201.41(b)(8).  We further find that the appellant's conclusory allegation that the administrative judge

violated his due process rights by dismissing the appeal is not a basis for Board jurisdiction. PFR File, Tab 1 at 2.

¶11 Moreover, the appellant argues that OPM's rescinding the reconsideration decision and subsequently issuing a new reconsideration decision constitutes "double jeopardy." *Id.* Although the constitutional prohibition against double jeopardy applies only to defendants in criminal cases and not to petitioners in administrative proceedings before the Board, the Board has held that an agency cannot impose disciplinary or adverse action more than once for the same misconduct. *Gartner v. Department of the Army*, 104 M.S.P.R. 463, ¶ 5 (2007). Assuming, without deciding, that this principle applies to an OPM retirement determination, double punishment is not violated when, as here, the agency has rescinded its prior action, made the employee whole, and commenced an "entirely new" constitutionally correct proceeding, thus negating its prior action. *Frederick v. Department of Homeland Security*, 122 M.S.P.R. 401, ¶ 15 (2015).

¶12 Finally, on review, the appellant makes several arguments on the merits of the appeal. He argues that the set-aside rule should not apply because he was not aware he was receiving overpayments until OPM notified him in July 2012. PFR File, Tab 1 at 3. He further argues that he has met the criteria for a waiver of the overpayment. *Id.* He also cites to *Tatum v. Office of Personnel Management*, 82 M.S.P.R. 96, ¶ 21 (1999), in which the Board found that the appellant was entitled to a waiver of recovery of an overpayment of retirement annuity benefits based on financial hardship. PFR File, Tab 1 at 2-3. We find that these arguments on the merits of the appeal are not relevant to the dispositive jurisdictional issue, and thus, do not provide a reason to disturb the initial decision. *See, e.g.*, *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that the appellant's arguments on the merits of her appeal were not relevant to the jurisdictional question).

¶13 Accordingly, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction. The Board will automatically refile the

appellant's separate appeal of OPM's February 2016 reconsideration decision as detailed in the administrative judge's July 6, 2016 initial decision.  0238 ID at 3.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.